UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1209 SPM |
| ) | |
| UNITED STATES, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Clint Phillips, for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why this action should not be dismissed.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an

action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the plaintiff's allegations are found to be clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

### Plaintiff's History with the Court

Plaintiff is a frequent pro se and in forma pauperis litigator in this Court.[1] He describes himself as suffering from Post-Traumatic Stress Disorder (PTSD) and Schizophrenia. *See Phillips v. Three Unknown Police Officers*, No. 4:19-CV-2922 RLW (E.D. Mo. filed Oct. 25, 2019). In this Court's dismissal of a case plaintiff filed in 2022, the Court warned him that the filing of frivolous lawsuits is an abuse of the litigation process. *See Phillips v. St. Louis County*, No. 4:22-CV-759 JAR (E.D. Mo. issued Oct. 19, 2022). Based on a review of Court records, since that warning from the Court, plaintiff filed at least seven (7) additional cases. Three of those cases are currently pending with the Court.

### The Complaint

Plaintiff Clint Phillips filed the instant complaint on September 26, 2023. He names the following as defendants in this action: the United States of America; the United States Postal Service; the VA Torts Law Group; and Kyle Beesley. Plaintiff complains that in 2015 he applied for disability benefits from the Department of Veterans Affairs (VA) concerning the disabilities of

---

[1]Based on a review of Court records, it appears that plaintiff has filed approximately forty-five (45) cases in this Court since 2010. It appears that only one of those cases made it past initial review under 28 U.S.C. § 1915(e)(2); however, that case was dismissed after plaintiff failed to respond to a motion to compel and failed to appear for a hearing. *See Phillips v. Dunn*, No. 4:16-CV-1698-RWS (E.D. Mo. Oct. 31, 2016) (dismissed July 21, 2017) (appeal dismissed for lack of jurisdiction Sept. 6, 2018). Plaintiff's other cases were dismissed before service on any defendant for a variety of reasons, including failure to sign the complaint, frivolity, failure to state a claim, lack of jurisdiction, and failure to prosecute.

"erectile dysfunction" and "akathisia."[2] He claims that he was not "awarded those benefits" until April 19, 2023,[3] "making the contingency of erectile dysfunction an official disability, and receiving an SMC payment under 1114(k) for such, under Title 28 U.S.C. 2680(a), the Discretionary Function Exception." Plaintiff alleges that he had two years to initiate a claim under the Federal Tort Claims Act (FTCA). Plaintiff does not specify when he believes his statute of limitations began.

Specifically, plaintiff's allegation under the FTCA appears to relate to his belief, which he has previously espoused in this Court, that he was told by his VA doctor, Laura Fuchs, in December of 2015, that his erectile dysfunction and akathisia were side effects of medications allegedly prescribed to him by other VA doctors. Those medications were purportedly: Zyprexa, Haldol, Invega (Sustenna) and Risperidone (Risperdal). *See Phillips v. United States*, No. 4:21-CV-723 AGF (E.D.Mo.2021).

Plaintiff purports in the current complaint, that he filed an administrative complaint with the VA relative to his FTCA claims, "reinforced with information from VA release of information that stated that [H]aldol and Zyprexa caused me to have 'akathisia' and Invega (Sustenna) caus[ed] sexual side effects…" He claims that although it took the VA more than eighteen (18) months to answer his administrative complaint, it ended in a "due process violation," as well as *Bivens* claims against several federal actors. Plaintiff, however, has failed to attach the alleged VA administrative complaint, Agency Decision, or provide the Court with any information relative to his VA administrative process regarding his FTCA claims.

---

[2]Akathisia is defined as the inability to remain still.

[3]In one portion of his complaint, he states that he was awarded benefits on April 19, 2023, but in another portion of his complaint, he states that he was awarded benefits "four years" from 2015, which would have made the date April 19, 2019. Thus, the Court is unsure of the exact date plaintiff was awarded benefits.

3

Plaintiff asserts that he also filed a claim with the Office of General Counsel of the St. Louis Regional Office for an unnamed agency, presumably the VA, for a "violation of due process rights." Although the private entity. the VA Torts Law Group, told plaintiff that it believed he had a valid claim, his claims were denied by the Office of General Counsel.[4] Although plaintiff claims he sent a motion for reconsideration in the mail, he believes the United States Postal Service discarded the mail making the postal service liable for the loss of his motion for reconsideration. The Court, however, is not entirely sure what plaintiff was purportedly attempting to reconsider.

It appears that plaintiff wishes to sue the United States Postal Service for the loss of his motion for reconsideration to the Office of General Counsel. Additionally, he claims that this Court has jurisdiction over his FTCA claims against the United States despite not providing any information as to his administrative process such as when it occurred, whom he sued (specific defendants) under the FTCA, and whether he litigated the statute of limitations issue in the administrative process. As noted previously, plaintiff has also failed to provide a copy of the Agency Decision to this Court.

Additionally, plaintiff appears to sue the VA Torts Law Group and an individual named Kyle Beesley in this action, although he has not indicated why he is suing this private entity and private individual.

**Discussion**

As set forth above, plaintiff appears to be bringing an action under the FTCA against the United States of America, pursuant to 28 U.S.C. § 2680(a) and (h). He also appears to be suing the United States Postal Service, the VA Torts Law Group and Kyle Beesley under either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). As currently pled, it does not

---

[4]In his complaint, plaintiff also states, "Kyle Beesley himself agreed" that his claim was a valid claim. However, plaintiff fails to identify Kyle Beesley.

4

appear that plaintiff has jurisdiction to bring this action in Federal Court, as the Court is unsure that plaintiff has properly exhausted his claims under the FTCA. Additionally, the United States is not the proper party to sue under the FTCA. Moreover, plaintiff fails to state a claim against the remaining defendants. For the following reasons, plaintiff will be required to show cause why this action should not be dismissed.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied"). There is no indication that such a waiver is present in this action.

It is true that the Federal Tort Claims Act removes the sovereign immunity of the United States from suits in tort. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment"). To do so, however, the plaintiff must first present his claim in writing to the appropriate Federal Agency within two years after such claim accrues unless the action is begun within six months after the date of mailing, by certified or registered mail, of a notice of final denial of the claim by the Agency to which it was presented. *See* 28 U.S.C. § 2401(b).

5

In this case, plaintiff states that he filed a tort claim with an administrative agency, presumably with the VA, and that it ended in a "due process violation," as well as *Bivens* claims against several federal actors. Plaintiff, however, has failed to attach the alleged VA administrative complaint, or provide the Court the final Agency Decision made by the VA. To ascertain whether plaintiff is suing the proper parties in this Court or if he is suing in a timely manner, the Court must have the Agency Decision from the VA.

Plaintiff should be mindful that the statute of limitations provision in 28 U.S.C. § 2401(b) has been narrowly construed, and a plaintiff must both file his administrative claim within two years after accrual of the claim and file his action in the District Court within six months of the Agency's final action for jurisdiction to be proper. *See Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008); *see also, Barnes v. United States,* 776 F.3d 1134 (10th Cir. 2015). A tort claim under the FTCA accrues "even if the claimant does not know the precise medical reason for the injury, provided that he knows or should know that some aspect of the medical treatment caused the injury." *Hahn v. United States*, 313 Fed. Appx. 582, 585 (4th Cir.2008). Plaintiff's tort claims appear to be time-barred, as he states that he learned about the tort claims as early as 2015.

Last, although plaintiff attempts to sue the United States Postal Service, the VA Torts Law Group and an individual named Kyle Beesley in this action, he fails to state a claim regarding these individuals/entities. Plaintiff has not identified who at the postal service he blames for negligently losing his motion for reconsideration in the mail, and he cannot sue under *Bivens* without naming a specific individual and articulating a causal connection between the defendant and the alleged violation of his constitutional rights. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017) (liability in a civil rights case is personal).[5] Similarly, he has failed to identify Kyle Beesley or

---

[5] "An action under *Bivens* is almost identical to an action under [42 U.S.C. §] 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, claims under *Bivens* and claims under § 1983 involve the same analysis.

6

how he believes Beesley violated his rights. Furthermore, to the extent he believes the VA Torts Law Group acted in some way against him, he cannot suffice to bring a claim against this entity under 42 U.S.C. § 1983 because this entity is not a state actor.[6]

Accordingly, the Court will require plaintiff to show cause why his action should not be dismissed.

### Plaintiff's Motion for Appointment of Counsel

Last, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing,* 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams,* 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson,* 728 F.2d at 1005.

After considering these factors and the factual allegations in the case at hand, the Court

---

*Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015). Furthermore, the body of case law regarding § 1983 applies to *Bivens* actions. *Id*. Even if plaintiff could identify the individual, plaintiff would need to exhaust his administrative remedies prior to bringing suit against such an individual under the Federal Tort Claims Act.

[6]In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). With regard to the first element, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.,* 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

7

finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause within twenty-one (21) days of the date of this Memorandum and Order why this action should not be subject to dismissal for lack of jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff wishes to pursue claims under the Federal Tort Claims Act, he must provide the Court with a copy of his Agency Decision along with his Response to the Order to Show Cause within twenty-one (21) days from the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED**.

Dated this 28th day of September, 2023.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE